**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 99-3003-MWB |
| vs. | **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| ROBERT LEE KRIENS, | |
| Defendant. | |

_____

**TABLE OF CONTENTS**

*I.* *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.* *Charges, Conviction, and Sentencing* . . . . . . . . . . . . . . . . . . . . 2
    *B.* *The Motion To Vacate Sentence* . . . . . . . . . . . . . . . . . . . . . . . 6

*II.* *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    *A.* *Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . 8
        *1.* *Relief on the merits of the claims* . . . . . . . . . . . . . . . . . . . 8
        *2.* *Entitlement to an evidentiary hearing* . . . . . . . . . . . . . . . 10
    *B.* *Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . 11
        *1.* *Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . . 12
        *2.* *The "ineffective assistance" at issue here* . . . . . . . . . . . . . 14
            *a.* *Failure to fully investigate and uncover mitigating evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
                *i.* *Arguments of the parties* . . . . . . . . . . . . . . . 14
                *ii.* *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . 16
            *b.* *Failure to review the PSIR with Kriens prior to the sentencing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27
            *c.* *Misleading the defendant regarding the plea agreement* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
            *d.* *Failure to pursue a sound strategy during sentencing* . 32
            *e.* *Failure to raise the § 924(e) issue on appeal* . . . . . . 34

    *C. Involuntary Plea* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
        *1.    Arguments of the parties* . . . . . . . . . . . . . . . . . . . . . 35
        *2.    Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*III.* **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

This matter comes before the court pursuant to defendant Robert Lee Kriens's May 7, 2003, *pro se* Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 (docket no. 117). In his motion, Kriens seeks relief from his sentence to 180 months of imprisonment on a charge of possession of a firearm by a convicted felon, with an enhanced mandatory minimum sentence for an armed career criminal. Kriens seeks such relief based on ineffective assistance by his counsel in numerous respects, before and during sentencing pursuant to his guilty plea, resulting in the involuntariness of his guilty plea, and on his direct appeal. The parties have briefed the issues presented, and the court finds the motion ripe for disposition.

## *I. INTRODUCTION*

### *A. Charges, Conviction, and Sentencing*

In an Indictment handed down on February 19, 1999, defendant Kriens was charged with possession of four firearms having previously been convicted of three felony offenses in violation of 18 U.S.C. § 922(g), with possible punishment pursuant to 18 U.S.C. § 924(a)(2), which provided for a sentence of up to ten years, and § 924(e), which provided for an enhanced mandatory minimum sentence of fifteen years for a defendant with "three previous convictions by any court . . . for a violent felony. . . ." Eventually,

on October 16, 2000, Kriens pleaded guilty to the felon-in-possession charge, pursuant to a plea agreement, before United States Magistrate Judge Paul A. Zoss. Although a dispute arose about whether or not the plea agreement preserved Kriens's right to appeal on issues raised in his motion to dismiss and motion to suppress, by order dated January 18, 2001, the undersigned accepted Judge Zoss's Report and Recommendation recommending acceptance of Kriens's guilty plea pursuant to a plea agreement that did *not* reflect that the plea was conditional. No objections had been filed to that Report and Recommendation.

The question of whether or not Kriens's plea had been or should have been conditional arose again during his sentencing hearing on January 18, 2001. After discussions with counsel for Kriens and for the government, the court ultimately approved a conditional plea pursuant to Rule 11 allowing Kriens to appeal on the issues raised in his motion to dismiss and his motion to suppress. The plea agreement, Government's Exhibit B, even as modified for a conditional plea, provided in paragraph 13 that Kriens stipulated and agreed that U.S.S.G. § 4B1.4, the enhancement for an armed career criminal, applied and that he would be sentenced pursuant to the armed career criminal enhancement provided in 18 U.S.C. § 924(e). Nevertheless, Kriens's counsel argued at sentencing that the armed career criminal enhancement did not apply, because the law was "in flux" as to whether Kriens's prior conviction for "attempted burglary" under Iowa law qualified as a predicate offense for the armed career criminal enhancement under either U.S.S.G. § 4B1.4 or 18 U.S.C. § 924(e). The government agreed to allow Kriens to raise at sentencing the argument that the armed career criminal enhancement did not apply, without withdrawing its contention that Kriens had stipulated to the enhancement in the plea agreement.

Although the court was of the view that Kriens had waived any argument that second-degree attempted burglary under Iowa law was not a predicate offense for

enhancement of the mandatory minimum sentence pursuant to U.S.S.G. § 4B1.4 or 18 U.S.C. § 924(e), the court nevertheless heard argument on that question. Kriens stipulated that the attempted burglary was of a commercial building, but the record at sentencing did not reveal any other information about the offense. His counsel argued that second-degree attempted burglary under Iowa law did not fit the statutory definition of a crime of violence, albeit without citation to any pertinent facts or documentation about Kriens's prior attempted burglary offense, any Iowa statutory or case law, or any controlling Eighth Circuit decisions to demonstrate that proposition. Kriens's counsel was also unable to distinguish Iowa law on attempted burglary from Minnesota law, which the Eighth Circuit Court of Appeals had held did define a "violent felony" for purposes of the armed career criminal enhancement. Instead, he argued that the "baseline facts" for the enhancement were not present, because the court did not have anything in the presentence investigation report showing the facts of the second-degree attempted burglary offense on which Kriens had previously been convicted. The court ultimately ruled that Kriens had stipulated that the attempted burglary offense was a violent felony for purposes of the enhancement and, in the alternative, that Iowa's definition of second-degree attempted burglary was sufficiently similar to Minnesota's definition that second-degree attempted burglary under Iowa law was a violent felony for purposes of the enhancement. Therefore, the court overruled Kriens's objection to the enhanced mandatory minimum for an armed career criminal.

On another issue that is pertinent to Kriens's § 2255 motion, counsel for Kriens answered in the affirmative when the court asked if he had "had a full, fair, and complete opportunity to review the presentence investigation report *with your client*?" Transcript of Sentencing at 50 (emphasis added). Kriens himself also answered affirmatively to the

slightly different question, "Have you had a full, fair, and complete opportunity to review the presentence report?" *Id.* at 51.

The parties agreed that, in light of the court's ruling that the armed career criminal enhancement of the mandatory minimum sentence was applicable, the mandatory minimum sentence for Kriens's felon-in-possession charge was 180 months of imprisonment. The court then rejected Kriens's request for a downward departure based on the grounds he had urged for dismissal, which were that the felon-in-possession charge arose out of information turned over to the government by a state official who was representing Kriens as a private or court-appointed attorney at the time. The court stated that it did not believe that such grounds gave the court authority to depart, but that even if they did, the court did not find them to be appropriate grounds for a departure, and furthermore, if the court had the authority to depart and found it appropriate to do so, the court could not depart below the mandatory minimum sentence. Kriens declined his opportunity to allocute, and the court imposed the mandatory minimum sentence of 180 months of imprisonment.

Kriens appealed his conviction and sentence to the Eighth Circuit Court of Appeals, specifically asserting, *inter alia*, that second-degree attempted burglary under Iowa law was not a predicate offense for the armed career criminal enhancement of his mandatory minimum sentence. The Eighth Circuit Court of Appeals rejected all of Kriens's arguments on appeal, *see United States v. Kriens*, 270 F.3d 597 (8th Cir. 2001), and the Supreme Court denied Kriens's petition for a writ of certiorari, *see Kriens v. United States*, 535 U.S. 1008 (2002).

## B. The Motion To Vacate Sentence

On May 7, 2003, Kriens filed his *pro se* Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 (docket no. 117), which is now before the court. In his motion, Kriens asserted the following grounds for relief: (1) that his prior conviction for second degree attempted burglary should not have been used to enhance his sentence under 18 U.S.C. § 924(e)(2)(B); (2) that his counsel was ineffective for failing to fully investigate and uncover mitigating evidence; (3) that his counsel was ineffective in failing to review the pre-sentence investigation report with him prior to sentencing; (4) that his counsel was ineffective in misleading him regarding the plea agreement; (5) that his counsel was ineffective in failing to have a sound strategy during sentencing; (6) that his counsel was ineffective in failing to raise on appeal the issue that defendant's prior conviction did not meet the definition of a "violent felony" for purposes of a § 924(e) enhancement; and (7) that his guilty plea was not knowing and voluntary.

In an Initial Review Order, filed May 9, 2003 (docket no. 119), the court held that Kriens's first ground for relief had been raised and rejected on appeal and that he had not presented any new evidence demonstrating that he was actually innocent. Therefore, the court concluded that Kriens's first ground for relief was subject to the finality rule and denied it on that basis. On the other hand, the court concluded that Kriens's § 2255 motion could proceed on his claims of ineffective assistance of counsel and his claim that his plea was not knowing and voluntary, for which he asserted ineffective assistance of counsel as "cause and prejudice" for having failed to assert the claim on direct appeal. Therefore, the court ordered the government to file a response to Kriens's § 2255 motion on or before July 7, 2003, and allowed Kriens to and including August 7, 2003, to file any reply.

The government requested and was granted an extension of time to file its response and, in the interim, Kriens moved to expand the record to include a letter from his counsel concerning sentencing, which had only recently become available to him. However, before the court ruled on Kriens's motion to expand the record, the government filed its response to Kriens's original § 2255 motion. Therefore, when the court granted Kriens's motion to expand the record, the court also gave the government a deadline to respond to the expanded record. *See* Order of August 5, 2003 (docket no. 124). The government eventually filed a notice (docket no. 125) that it had no response to the exhibit Kriens had offered as an expansion of the record. Kriens filed his reply in support of his § 2255 motion on October 6, 2003 (docket no. 128), along with a request for an evidentiary hearing (docket no. 129) to which the government filed no response.

There, unfortunately, this matter languished while this court was involved in the resolution of two complicated federal death penalty cases, which required extensive written rulings on numerous issues pre-trial, during trial, and post-trial. However, the court has now returned its attention to matters that were put on hold while the court cleared its docket of criminal trials with speedy trial deadlines and other more urgent matters in the wake of the death penalty trials, and the court will now consider the merits of Kriens's claims of ineffective assistance of counsel and his claim that his plea was not knowing and voluntary.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

#### 1. Relief on the merits of the claims

The court must first consider the standards applicable to a motion for relief from sentence pursuant to 28 U.S.C. § 2255. Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)), *cert. denied*, 534 U.S. 1097 (2002). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

### 2. *Entitlement to an evidentiary hearing*

As the Eighth Circuit Court of Appeals recently explained,

> A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless "the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255. We review the district court's decision not to hold an evidentiary hearing for an abuse of discretion. *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001). "That standard is somewhat misleading, however, because review of the determination that no hearing was required obligates us to look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review de novo." *Id.* Therefore, in order to determine if [a movant under § 2255] is entitled to remand for an evidentiary hearing, we must consider the validity of his [claim for § 2255 relief]. *Id.*

*United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005). More specifically, "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the

movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, ___ F.3d ___, ___, 2006 WL 1389610, *1 (8th Cir. May 23, 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted). "In some cases, the clarity of the existing record on appeal makes an evidentiary hearing unnecessary, [but] [a]bsent such clarity, an evidentiary hearing is required." *Latorre v. United States*, 193 F.3d 1035, 1038 (8th Cir. 1999). At the evidentiary hearing, if one is required, the defendant must establish that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623; *accord Latorre*, 193 F.3d at 1038 (quoting this standard from *Bousley*).

In this case, the court concludes that no evidentiary hearing is required on any issue, because the record "conclusively show[s] that [Kriens] is entitled to no relief" on any of his claims of ineffective assistance of counsel and involuntariness of his guilty plea, as the court will explain in more detail below. 28 U.S.C. § 2255; *Ledezma-Rodriguez*, 423 F.3d at 835-36.

## B. Ineffective Assistance Of Counsel

Most of the claims on which the court permitted Kriens's motion for § 2255 relief to proceed are based on the alleged ineffective assistance of his counsel before and during sentencing pursuant to his guilty plea and on direct appeal. His claim of an involuntary plea also depends upon a showing of ineffectiveness of counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective

11

assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Kriens is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

### 1. *Applicable standards*

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires

the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423

F.3d at 877 (same).  Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'"  *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693).  Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice."  *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

Kriens contends that his counsel was ineffective in numerous ways prior to and during his sentencing, so that, *inter alia*, his guilty plea was not knowing and voluntary.  He also contends that his counsel was ineffective on appeal.  The court will consider in turn the allegations of ineffectiveness of Kriens's counsel.

### 2.     The "ineffective assistance" at issue here

#### a.     Failure to fully investigate and uncover mitigating evidence

*i.     Arguments of the parties*.  Kriens asserts, first, that his counsel was ineffective for failing to fully investigate and uncover mitigating evidence.  Because this first allegation of error encompasses Kriens's fundamental assertion in his § 2255 motion—that he was subjected to an enhanced mandatory minimum sentence because of counsel's failure to demonstrate that his conviction for second-degree attempted burglary was not a "violent felony"—the court will state the parties' arguments on this issue in some detail.

Kriens argues that his counsel was ineffective for failure to uncover the charging instrument, state presentence investigation report, and offense report for his second-degree attempted burglary conviction, which Kriens has now produced himself and included as exhibits with his § 2255 motion.  Kriens contends that such evidence would have demonstrated that he was *not* convicted of a "generic burglary" offense, as required for

the armed career criminal enhancement to his mandatory minimum sentence. Kriens argues that counsel's failure to discover such evidence was not the result of any tactical decision, but the result of his counsel's misconception that such evidence was irrelevant. Kriens argues, further, that counsel's failure to investigate and uncover this evidence prejudiced him, because he was improperly sentenced to the enhanced mandatory minimum sentence for an armed career criminal.

In response, the government relies on Kriens's counsel's representation, *see* Government's Exhibit 1, that counsel fully reviewed the file, that he had represented Kriens in both state and federal court, and consequently, that he was fully knowledgeable about facts in this case and all facts in the discovery file that had been provided to him. The government also contends that Kriens does not explain how the evidence to which he now points would have shown that his state conviction for second-degree attempted burglary did not meet the definition of a "violent felony" under § 924(e).

In reply, Kriens points out that his counsel in this case had never represented him in state court matters, although counsel had represented his brother in such matters, so that counsel's representation that he had represented Kriens in state court is indicative of counsel's many misunderstandings. More to the point, Kriens points out that counsel's professed familiarity with the discovery file in this case does not address the nature of the failing on which he relies, which is failure to discover evidence *from his state conviction* that was pertinent to whether or not that conviction was for a "violent felony" for purposes of a § 924(e) armed career criminal enhancement. Contrary to the government's contention, Kriens reiterates that the state court documents he has provided, which his counsel failed to submit at the time of sentencing, demonstrate that his second-degree attempted burglary offense did not involve unlawful entry and, thus, the offense could not be a "violent felony" under the federal "generic burglary" definition. He reiterates that

counsel's failure to investigate, to discover this evidence, and to present it means that he was prejudiced by improper application of an enhanced mandatory minimum sentence. More specifically still, he points to the decision of the Eighth Circuit Court of Appeals on his appeal, in which that court noted that he was obliged to show that he was convicted of conduct falling outside of the "generic burglary" definition, but that he had failed to do so, as demonstrating the prejudicial effect of counsel's failure to present the relevant documentation concerning his prior attempted burglary conviction.

*ii.*    *Analysis.*    On the "deficient performance" prong of the "ineffective assistance" analysis, the Eighth Circuit Court of Appeals has repeatedly stated that "'[r]easonable performance of counsel includes an adequate investigation of facts, consideration of viable theories, and development of evidence to support those theories.'" *Lyons v. Luebbers*, 403 F.3d 585, 594 (8th Cir. 2005) (quoting *Foster v. Lockhart*, 9 F.3d 722, 726 (8th Cir. 1993)); *and compare Rice*, 449 F.3d at 897 ("'Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'") (quoting *Strickland*, 466 U.S. at 690).   The court also agrees that counsel's response that he thoroughly investigated the facts in the government's discovery file is inapposite to Kriens's contention that it was information *outside of the government's discovery file* that was critical to determination of whether or not his prior conviction for second-degree attempted burglary, under Iowa law, was a violent felony under the federal "generic burglary" definition for purposes of a § 924(e) enhanced mandatory minimum sentence for an armed career criminal.   Thus, the court must consider what investigation would have been reasonably required.

In the United States Supreme Court's seminal decision on what kind of "burglary" constitutes a "violent felony" for purposes of a § 924(e) armed career criminal enhancement, the Court held that "a person has been convicted of burglary for purposes

of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of [1] unlawful or unprivileged entry into, or remaining in, a building or structure, [2] with intent to commit a crime," which the Court described as "burglary" in the "generic sense." *Taylor v. United States*, 495 U.S. 575, 58-99 (1990); *see also Shepard v. United States*, 544 U.S. 13, 15-16 (2005) ( "The [ACCA] makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle."). The Court then explained that "the only plausible interpretation of § 924(e)(2)(B)(ii) is that, like the rest of the enhancement statute, it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense," which the Court described as a "categorical approach." *Id.* at 602.

What is important here is the Court's caveat to the "categorical approach":

> This categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary. For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.
>
> We therefore hold that an offense constitutes "burglary" for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to "generic" burglary, *or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant*.

*Taylor*, 495 U.S. at 602 (emphasis added). Thus, pursuant to *Taylor*, counsel performing in a reasonably professional manner would have examined whether or not Iowa's burglary

statute was "nongeneric" and if counsel thought that it was, counsel would have gone beyond the fact of conviction to discover, examine, and present to the court, at least, "the charging paper and jury instructions" to see if those documents actually required the jury to find all of the elements of "generic burglary" in order to convict the defendant.

Kriens was not convicted of second-degree attempted burglary by a jury, however, but upon a guilty plea. The Supreme Court addressed that scenario subsequent to the *Taylor* decision and to Kriens's sentencing in *Shepard v. United States*, 544 U.S. 13, 15-16 (2005). In deciding whether or not a specific state "burglary" offense fits the "generic burglary" definition, the Supreme Court held in *Shepard* that "enquiry under the [Armed Career Criminal Act (ACCA)] to determine whether a *plea of guilty* to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense *is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.*" *Shepard*, 544 U.S. at 26 (emphasis added); *United States v. Menteer*, 408 F.3d 445, 446 (8th Cir. 2005) (quoting this explanation of the pertinent evidence). Thus, it is certainly apparent *now* that the documents Kriens contends his counsel was ineffective for not finding and offering at his sentencing were pertinent to the determination of whether or not his prior conviction on a plea of guilty to second-degree attempted burglary under Iowa law was a "generic burglary" for purposes of the armed career criminal enhancement.

Assuming, for the sake of argument, that counsel's performance in this case was, indeed, "deficient" in failing to conduct an adequate investigation of whether or not Kriens's attempted burglary conviction was a "violent felony," in light of charging documents and other pertinent evidence, the question is whether Kriens was "prejudiced" by counsel's deficient performance. *See Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423

F.3d at 877; *see also Boysiewick*, 179 F.3d at 620 (courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice"). To show "prejudice," Kriens must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . .[,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 694); *Lyons*, 403 F.3d at 594 (where a defendant asserts an "ineffective assistance" claim based on failure to investigate, the court asks "'whether there is a reasonable probability that the defendant would not have been found guilty if counsel's performance had not been ineffective.'") (quoting *Antwine v. Delo*, 54 F.3d 1357, 1365 (8th Cir. 1995)). The court concludes that Kriens cannot make the necessary showing of "prejudice," because even taking into consideration the documents he now offers, and contends that counsel should have found upon reasonable investigation and should have presented in support of his theory that his prior attempted burglary conviction was not a "violent felony," a court would still have been forced to conclude that the prior conviction was for a "violent felony" for purposes of the armed career criminal enhancement to his mandatory minimum sentence.

Specifically, it is clear that Kriens's stipulation that his prior attempted burglary offense involved the attempted burglary of a "commercial" building, rather than a residence, does not immunize the offense from consideration as a violent felony. The Eighth Circuit Court of Appeals had previously held, and has since declined to revise its view, that burglary of a "commercial" building does constitute a crime of violence. *United States v. Stevens*, 149 F.3d 747, 749 (8th Cir. 1998); *see also United States v. Bell*, 445 F.3d 1086, 1088 (8th Cir. 2006) (reviewing *de novo* the issue of law after an *en banc* decision in *United States v. McCall*, 439 F.3d 967 (8th Cir. 2006), which construed an

"otherwise involves" provision in 18 U.S.C. § 924(e)(2)(B)(ii), but reiterating its prior conclusion that commercial burglary is a crime of violence).

What Kriens relies on, instead, is the appellate court's comment in his case that "a defendant could commit an attempted burglary [under Iowa law] without engaging in conduct that presented a serious potential risk of physical injury to another." *Kriens*, 270 F.3d at 604. He contends that, because the documents his counsel failed to present show that his attempted burglary conviction did not involve "entry," as required by the "generic burglary" definition in *Taylor*, 495 U.S. at 58-99, he did not engage in any conduct that presented such a serious potential risk of physical injury to another.

Kriens's contentions fail, however. As the appellate court noted, "It is not enough that under Iowa law a defendant *could* have been convicted under a Burglary statute for conduct falling outside of our generic definition of burglary. Kriens was obliged to show that he *was* convicted of conduct falling outside the definition." *Kriens*, 270 F.3d at 605 (emphasis in the original). The documents that Kriens contends that his counsel should have found and presented do not demonstrate that he *was* convicted of conduct falling *outside* of the "generic burglary" definition; instead, they provide proof positive that he *was* convicted of conduct falling *within* the "generic burglary" definition. To demonstrate this view of the evidence that counsel failed to offer, the court must first examine the requirements for proof of "attempted burglary" under the applicable provisions of the Iowa Code, as well as decisions by the Eighth Circuit Court of Appeals considering when "burglary" and "attempted burglary" do satisfy the requirements of a "violent felony" under § 924(e).

At the time of Kriens's conviction for attempted burglary, the Iowa Code defined "attempted burglary" as follows:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license, or privilege to do so, attempts to enter an occupied structure, the occupied structure not being open to the public, or who attempts to remain therein after it is closed to the public or after that person's right, license, or privilege to be there has expired, or any person having such intent who attempts to break an occupied structure, commits attempted burglary.

Iowa Code § 713.2 (1984). At the time of Kriens's conviction, the Iowa Code defined "attempted burglary in the first degree" as follows:

> A person commits attempted burglary in the first degree if, while perpetrating an attempted burglary, the person has possession of an explosive or incendiary device or material, or a dangerous weapon, or intentionally or recklessly inflicts physical injury on any person. Attempted burglary in the first degree is a class "C" felony.

Iowa Code § 713.4 (1984). The Iowa Code then defined "attempted burglary in the second degree" as follows:

> All attempted burglary which is not attempted burglary in the first degree is attempted burglary in the second degree. Attempted burglary in the second degree is a class "D" felony.

Iowa Code § 713.6 (1984).

Kriens contends that the "attempted burglary" definitions in force at the time of his conviction did not require "entry." He contends, further, that the charging and other documents that he has now produced show that he only attempted to enter the commercial building in question, by breaking a window, but was unable to gain entry, because the window was barred. These contentions are unpersuasive.

First, neither *Taylor* nor *Shepard* permits as detailed an examination of the actual facts involved in the conviction as Kriens asserts were relevant at his sentencing. *See*

21

*Taylor*, 495 U.S. at 602 (the examination of the offense is "categorical," rather than fact-specific, although the federal court is permitted to consider whether "the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict"); *Shepard*, 544 U.S. at 26 (where the defendant pleaded guilty to the prior offense in question, the court's review of the conviction under a "nongeneric" burglary statute "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" to determine whether the elements of "generic burglary" were admitted).

Second, the court is not persuaded by Kriens's assertion that "entry" is not required for a conviction for "second-degree attempted burglary" under Iowa law and that the documents he has produced, but counsel failed to discover, show that he was not convicted for "entry," only "attempted entry." The controlling Eighth Circuit decision on whether "attempted burglary" satisfies the requirements of "generic burglary"—now as at the time of Kriens's sentencing—is *United States v. Solomon*, 998 F.2d 587 (8th Cir.)*, cert. denied*, 510 U.S. 1026 (1993).[1] In *Solomon*, the Eighth Circuit Court of Appeals held that "attempted burglary" as defined by Minnesota law constituted a "violent felony" within

---

[1]Subsequent to Kriens's sentencing, the Eighth Circuit Court of Appeals decided *United States v. Sun Bear*, 307 F.3d 747, 753 (8th Cir. 2002)*, cert. denied*, 539 U.S. 916 (2003), in which the court held that "attempted burglary" of a commercial property, in violation of Nebraska law, qualified as a "crime of violence" under U.S.S.G. § 4B1.2. That issue does not mitigate the importance of the *Solomon* decision, but the issue in *Sun Bear* was not whether "attempted" burglary is sufficient to satisfy the "generic burglary" definition, but whether burglary *of a commercial property* is sufficient to satisfy the definition.

the meaning of § 924(e)(2)(B)(ii). *Solomon*, 998 F.2d at 589-90. The court noted that the essential elements of "attempt" in Minnesota are "'(1) an intent to commit a crime, and (2) a substantial step taken toward the crime's commission.'" *Id.* at 589 (quoting *Matter of Welfare of R.L.N.*, 371 N.W.2d 84, 86 (Minn. Ct. App.1985)). The court also noted that "[m]ere preparation, without an overt act or an attempt to commit the intended crime, is not enough to sustain a conviction for attempt" under Minnesota law. *Id.* at 590 (citing *State v. Geshick*, 283 Minn. 380, 168 N.W.2d 331, 332 (1969)). Therefore, "[c]onstruing the law of attempt in the context of the definition of second degree burglary," the court concluded "that under Minnesota law only conduct that carries a serious potential risk of physical injury to another may result in a conviction for attempted second degree burglary." *Id.* (also stating, "We conclude that the crime of attempted second degree burglary in Minnesota falls within the catch-all provision of § 924(e)(2)(B)(ii) that includes any crime which 'involves conduct that presents a serious potential risk of physical injury to another' and thus amounts to a violent felony for the purposes of § 924(e).").

The Eighth Circuit Court of Appeals subsequently concluded that second-degree burglary as defined by Iowa law corresponded to the generic definition of burglary set forth in *Taylor* and, thus, such a conviction was properly determined to be a crime of violence. *See United States v. Carpenter*, 11 F.3d 788, 790-91 (8th Cir. 1993), *cert. denied*, 511 U.S. 1043 (1994). Moreover, also subsequent to *Solomon*, the court, again reviewing Iowa law, held that second degree burglary of a commercial building is an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," and, thus, is a crime of violence. *See United States v. Hascall*, 76 F.3d

902, 904-06 (8th Cir. 1995), *cert. denied*, 519 U.S. 948 (1996).[2] Next, the Eighth Circuit Court of Appeals relied on *Solomon* to hold, "If an attempted burglary conviction is based on a statute which requires a substantial step towards the completion of the crime, then it qualifies as a predicate violent felony under the 'otherwise clause' of § 924(e)." *United States v. Moore*, 108 F.3d 878, 880 (8th Cir. 1997) (citing *Solomon*, 998 F.2d at 589-90, and considering such an offense as defined by Tennessee law).

Turning to the interpretation of the Iowa burglary statutes by Iowa courts, the critical decision is *State v. Erving*, 346 N.W.2d 833 (Iowa 1984), a case in which the defendant was accused of "attempted burglary" based on his removal of a pane of glass in an attempt to enter a locked and enclosed pharmacy area of a store. In that case, the Court noted, "'The common law principles of attempt require the State to prove (1) intent to commit the crime and (2) slight acts in furtherance of the crime that render voluntary termination improbable.'" *Erving*, 346 N.W.2d at 836 (quoting *Fryer v. State*, 325 N.W.2d 400, 406 (Iowa 1982)). Moreover, the court explained, "In *State v. Roby*, 194 Iowa 1032, 1043, 188 N.W. 709, 714 (1922), this court defined the act needed for attempt as one that would 'reach far enough towards the accomplishment, toward the desired result, to amount to the commencement of the consummation, not merely preparatory. *It need not* [even] *be the last proximate act to the consummation of the offense.* . . .' (Emphasis added.)." *Id.* This definition is comparable to the Minnesota definition that the Eighth Circuit Court of Appeals held in *Solomon* did define a "violent felony." *See Solomon*, 998 F.2d at 589 (noting that the essential elements of "attempt" in Minnesota are

---

[2]In *United States v. Demint*, 74 F.3d 876, 877-78 (8th Cir. 1996), the Eighth Circuit Court of Appeals also held that a conviction for attempted burglary under Florida law was a violent felony within the meaning of § 924(e)(2)(B)(ii), because it required an overt act toward accomplishment of the offense, not just "any act," relying on *Solomon*.

"'(1) an intent to commit a crime, and (2) a substantial step taken toward the crime's commission,'" and that "mere preparation" is insufficient) (quoting *Matter of Welfare of R.L.N.*, 371 N.W.2d at 86). Neither definition finds "mere preparation" sufficient and, although the Iowa definition uses the term "slight acts" rather than "substantial step" to define an "attempt," it further defines those "slight acts" as "'reach[ing] far enough towards the accomplishment, toward the desired result, to amount to the commencement of the consummation, not merely preparatory.'" *Erving*, 346 N.W.2d at 836. Thus, while "slight acts" may suffice under Iowa law, those acts must nevertheless be substantial enough to present the same "serious potential risk of physical injury to another" as the completed offense. *See Solomon*, 998 F.2d at 589-90.

Nevertheless, Kriens appears to argue that the Iowa definition of "attempted burglary" does not require a *completed "entry,"* so that it does not satisfy the "entry" element of the "generic burglary" definition in *Taylor*. The Iowa Supreme Court did recognize in *Erving* that "[a]ttempted burglary is distinguished from the completed crime only by defendant's failure to effect an entry." *Erving*, 346 N.W.2d at 836 (comparing Iowa Code § 713.1, defining "burglary," and § 713.2, defining "attempted burglary"). Even so, Kriens's argument is a "straw man." An "attempt to enter" element satisfies the "entry" element of "generic burglary," which makes "burglary" a "violent felony," precisely because the "attempt to enter" presents the same "serious potential risk of physical injury to another" as an "actual entry." *Cf.* U.S.S.G. § 4B1.2, cmt. n.1 (under the career offender guideline, if a completed offense is a crime of violence, then an attempt to commit that offense is also a crime of violence); *Sun Bear*, 307 F.3d at 750 (same); *and see United States v. Smith*, 422 F.3d 715, 721 (8th Cir. 2005) ("The guidelines definition of crime of violence found in § 4B1.2 is also viewed as interchangeable with the statutory definition of violent felony found in 18 U.S.C. § 924(e).").

With the applicable state and federal law in mind, it is clear that the charging document for Kriens's state "attempted burglary" conviction, Plaintiff's Attachment A, which is one of the documents that Kriens contends his counsel should have discovered and presented, demonstrates conclusively that Kriens was convicted of "attempting to enter" a commercial building. *See Taylor*, 495 U.S. at 602 ("We therefore hold that an offense constitutes "burglary" for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to "generic" burglary, *or the charging paper* and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant."). That criminal complaint identifies Kriens's alleged offense as "Attempted Burglary Second Degree 1984 Code of Iowa Section 713.2 and 713.6," and alleges that Kriens "did unlawfully attempt forcible entry into Farmer's Tap at Hampton, Iowa." It could not be more plain that the charged offense involved the required "entry" element of a "generic" burglary. Thus, there is not the slightest probability, let alone any "reasonable probability," that "'but for counsel's unprofessional errors [in failing to produce the documents in question], the result of the proceeding would have been different,'" and Kriens, consequently, cannot prove the "prejudice" prong of his first "ineffective assistance" claim. *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 694); *Lyons*, 403 F.3d at 594 (where a defendant asserts an "ineffective assistance" claim based on failure to investigate, the court asks "'whether there is a reasonable probability that the defendant would not have been found guilty if counsel's performance had not been ineffective.'") (quoting *Antwine*, 54 F.3d at 1365).

Therefore, Kriens is not entitled to an evidentiary hearing or any relief on this claim of ineffective assistance of counsel.[3]

### b. Failure to review the PSIR with Kriens prior to the sentencing

Kriens's second claim of "ineffective assistance" is that his counsel failed to review the pre-sentence investigation report (PSIR) with him prior to sentencing, which he describes as a claim that counsel was not present at all critical stages of the proceedings. Somewhat more specifically, Kriens contends that he was forced to review and edit the PSIR without the aid of counsel. Kriens acknowledges that his counsel claims to have reviewed the PSIR, but he contends that counsel never reviewed it *with him*. He contends that he was prejudiced by this failing of counsel, because he was not able to object to and correct the recommendation in the PSIR that his sentence should be enhanced pursuant to 18 U.S.C. § 924(e). Kriens asserts that counsel could have (and should have) advised him that his prior "attempted burglary" conviction did not meet the "generic burglary" definition. Kriens contends, further, that without the § 924(e) enhancement, his sentencing range would have been 63 to 78 months, a far cry from the 180 months of imprisonment to which he was sentenced.

The government contends that Kriens's counsel did file numerous objections to the PSIR on his behalf, including an objection to the determination that his prior conviction for second-degree attempted burglary was a violent felony. Moreover, the government points out that counsel represented to the court during sentencing that counsel had had a

---

[3]This analysis would also defeat Kriens's first claim in his § 2255 motion, that his prior convictions for second degree attempted burglary should not have been used to enhance his sentence under 18 U.S.C. § 924(e)(2)(B), which the court rejected in its Initial Review Order. Thus, Kriens would not have been entitled to an evidentiary hearing or any relief on that claim, even had the court allowed that claim to proceed.

full, fair, and complete opportunity to review the PSIR with his client, and that Kriens himself represented that he had had a full, fair, and complete opportunity to review the report. Finally, the government points out that counsel now represents that he sent Kriens a copy of the PSIR and that Kriens had an opportunity to review it thoroughly prior to the sentencing. The government then asserts that Kriens has presented no evidence to support his allegation that his counsel did not review the PSIR with him, while the record shows that both counsel and the defendant stated on the record at sentencing that they did review the report.

In reply, Kriens points out that counsel only represents that counsel had reviewed the PSIR and had sent a copy to Kriens, but does not represent that counsel had reviewed the PSIR *with Kriens*. He contends that counsel's representation to the court at sentencing that he had reviewed the PSIR with Kriens was simply an attempt to "cover his tracks."

The United States Supreme Court has "uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *United States v. Cronic*, 466 U.S. 648, 659 n.25 (1984). There can be little doubt that review of the PSIR in a federal criminal case, even now under advisory guidelines, is a "critical stage of the proceedings," because the PSIR remains an important document in determining a defendant's sentence. Nevertheless, the record here does not show that counsel was "totally absent" from the process of reviewing the PSIR. Rather, counsel did review and file numerous objections to the PSIR and did provide Kriens with a copy of the PSIR. Counsel also represented to the court during sentencing that he did have an adequate opportunity to review the PSIR *with his client*. Although Kriens represented only that he had an opportunity to review the PSIR, but not that he did so with counsel, it is,

28

nevertheless, apparent that counsel did not simply ignore the PSIR.[4]  Thus, the court

concludes that Kriens must still show "prejudice" to prevail on this "ineffective assistance"

claim.  *See Ledezma-Rodriguez*, 423 F.3d at 836 (the movant must ordinarily establish

"prejudice" to prevail on an ineffective assistance claim); *Davis*, 423 F.3d at 877 (same);

*and compare Cronic*, 466 U.S. at 659 n.25 (the movant does not have to show "prejudice"

if counsel was "totally absent" at a critical stage of the proceedings).

Undoubtedly, the better practice is for counsel to meet in person with a defendant

to discuss the PSIR, or failing that, to have a telephonic conference, or failing that, to

communicate in writing about the PSIR.  There is no evidence, other than counsel's

representation, that direct consultation occurred in this case, or even that counsel explained

the PSIR and conferred with Kriens about it by telephone or in writing.  Nevertheless, the

court declines to find that counsel's performance was "deficient," where counsel clearly

did review the PSIR and did file objections to it.  *Ledezma-Rodriguez*, 423 F.3d at 836 (to

prevail on an "ineffective assistance" claim, the movant must show both "deficient

performance" and "prejudice").  Moreover, contrary to Kriens's assertions, one of

counsel's central objections to the PSIR and his central contention at the sentencing hearing

(notwithstanding Kriens's stipulation to the contrary in his plea agreement) was that

---

[4]The court cannot help noticing that, once again, counsel's representation in
response to this claim of "ineffective assistance" that he reviewed the PSIR himself and
sent a copy to Kriens "talks past" the allegation of "ineffective assistance" that Kriens
actually makes, which is that counsel *did not review the PSIR with Kriens*.  On the other
hand, the court concludes that failure to review the PSIR *with the defendant* does not
constitute "total absence" from the critical proceeding of reviewing and objecting to the
PSIR, where counsel did independently review and object to portions of the PSIR and did
provide the defendant with a copy of the PSIR for his own review.

Kriens's prior conviction for second-degree attempted burglary was not a "violent felony" for purposes of a § 924(e) enhancement.

Even if the court could find that counsel's performance in failing to have a face-to-face conference with Kriens about the PSIR had been "deficient," the court cannot find that Kriens was "prejudiced." *Ledezma-Rodriguez*, 423 F.3d at 836 (to prevail on an "ineffective assistance" claim, the movant must show both "deficient performance" and "prejudice"). Kriens's allegation of "prejudice" is that no objection was made to the enhancement of his sentence pursuant to § 924(e), and that his sentence was, consequently, improperly enhanced. This claim of "prejudice" fails for the same reason that Kriens's claim of "prejudice" on his first claim of "ineffective assistance" failed: Kriens's conviction for second-degree attempted burglary under Iowa law did constitute a "violent felony" upon which a § 924(e) enhancement could be based. It also fails for the further reason that counsel did, in fact, make the objection to the PSIR that Kriens asserts was not made to his "prejudice," although that objection was rejected.

Therefore, Kriens is not entitled to an evidentiary hearing or any relief on this claim of ineffective assistance of counsel.

### c. *Misleading the defendant regarding the plea agreement*

Next, Kriens contends that his counsel was ineffective in misleading him regarding the plea agreement. More specifically, Kriens contends that counsel misled him into signing the plea agreement by promising to have it withdrawn and replaced with a corrected plea agreement at a later date. Although Kriens is not clear about precisely how the replacement plea agreement would be corrected, it appears that Kriens asserts that the replacement plea agreement would have provided for a conditional plea to appeal certain issues and would have eliminated his stipulation that his prior conviction for attempted burglary was a "violent felony" for purposes of the § 924(e) enhancement. He also

contends, somewhat inconsistently, that his counsel misled him into signing the plea agreement, because counsel convinced him that his prior conviction for attempted burglary was a "violent felony" for purposes of the § 924(e) enhancement. Kriens contends that, as a result of being misled into signing the plea agreement, he was prejudiced by enhancement of his sentence pursuant to § 924(e) on the basis of the incorrect stipulation that he was subject to such an enhancement.

The government contends, in response, that counsel has represented that Kriens fully understood the plea agreement and knew what the "fighting issues" would be at sentencing, and raised no objections. Thus, the government contends that Kriens was not misled into signing the plea agreement.

In reply, Kriens contends that his supplemental exhibit, a letter from counsel, demonstrates that counsel could not help but have misled Kriens, because counsel did not understand the law applicable to determination of whether or not an offense was a "violent felony" for purposes of a § 924(e) enhancement. Kriens contends that the letter shows that counsel mistakenly believed, and incorrectly informed Kriens, that his contentions that the type of burglary he had committed was "irrelevant." Kriens now adds that counsel failed to explain that stipulating to the § 924(e) enhancement was not required for him to receive a sentence reduction for "acceptance of responsibility" on the felon-in-possession charge.

Assuming, at least for the sake of argument, that misleading a defendant into signing a plea agreement, based on mistaken views about whether or not a certain sentence enhancement was applicable, or in any of the other ways that Kriens contends that he was misled, would constitute "deficient performance," the court concludes that, once again, Kriens cannot satisfy the "prejudice" element of this claim. *Ledezma-Rodriguez*, 423 F.3d at 836 (to prevail on an "ineffective assistance" claim, the movant must show both "deficient performance" and "prejudice"); *see also Boysiewick*, 179 F.3d at 620 (courts

"do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice"). The sentencing record clearly shows that, notwithstanding the terms and stipulations in his plea agreement, or the lack thereof, the court allowed Kriens to treat his guilty plea as "conditional" and to pursue an appeal on the issues thereby preserved; the court allowed Kriens to argue that his prior conviction for second-degree attempted burglary under Iowa law was not a "violent felony" that could serve as the basis for a § 924(e) enhancement; and that the argument concerning the § 924(e) enhancement would have failed, even had counsel adopted Kriens's view of the applicability of his prior conviction. Finally, Kriens's eleventh-hour contention that he was also misled about the need to stipulate to the § 924(e) enhancement to obtain an "acceptance of responsibility" reduction on his felon-in-possession charge, and was prejudiced as a result, is not persuasive. Kriens's sentence would have been enhanced pursuant to § 924(e), even in the absence of his stipulation to that enhancement, because, in the alternative to holding that Kriens had stipulated to the enhancement, the court rejected Kriens's argument on the merits that he was not subject to such an enhancement. Thus, the enhancement would have been imposed even without the stipulation that Kriens contends he was misled into making, and his "acceptance of responsibility" reduction would have been "trumped" by application of the mandatory minimum sentence.

Therefore, Kriens is not entitled to an evidentiary hearing or any relief on this claim of ineffective assistance of counsel.

### d.      *Failure to pursue a sound strategy during sentencing*

Kriens's penultimate claim of ineffective assistance of counsel is that counsel failed to have a sound strategy during sentencing. In support of this claim, Kriens once again argues that his counsel failed to investigate his "attempted burglary" conviction and to research Iowa and Minnesota law defining such an offense. Kriens contends that counsel

admitted to not knowing the pertinent law during the sentencing hearing. Kriens describes his counsel's arguments concerning the "attempted burglary" conviction as "inept." He contends that he was prejudiced, because he suffered the consequences of imposition of a sentencing enhancement that should not have applied.

The government responds that counsel has represented that the transcript of the sentencing hearing reveals that he had a sound strategy concerning the § 924(e) enhancement. The government also argues that it was clear, under applicable law, that the § 924(e) enhancement was applicable, notwithstanding counsel's arguments that it was not, and that the arguments that Kriens wishes his counsel had made would not have made any difference.

In reply, Kriens argues that Iowa law and Minnesota law are clearly different in their definitions of attempted burglary, so that his counsel's failure to demonstrate that difference did, indeed, prejudice him, because the failure allowed improper imposition of the § 924(e) enhancement. He also contends that, contrary to counsel's representations, the transcript clearly demonstrates counsel's lack of a sound sentencing strategy, lack of preparation, and lack of understanding of the pertinent issues.

Once again, whatever the merits of Kriens's contention that his counsel's performance at sentencing was "deficient," he cannot show the necessary "prejudice" to prevail on this claim of ineffective assistance of counsel. *Ledezma-Rodriguez*, 423 F.3d at 836 (to prevail on an "ineffective assistance" claim, the movant must show both "deficient performance" and "prejudice"); *see also Boysiewick*, 179 F.3d at 620 (courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice"). For the reasons previously stated, no amount of sound and fury—and certainly none of the arguments that Kriens asserts that his counsel should have made at sentencing—would have changed the applicability of the armed career criminal

33

enhancement to Kriens based on his prior conviction for second-degree attempted burglary under Iowa law. Thus, Kriens cannot demonstrate that he was "prejudiced" by counsel's purportedly unsound strategy and lack of preparation during sentencing.

Therefore, Kriens is not entitled to an evidentiary hearing or any relief on this claim of ineffective assistance of counsel.

### e. *Failure to raise the § 924(e) issue on appeal*

Kriens's last allegation of ineffective assistance of counsel, but not his last claim for § 2255 relief, is that his counsel was ineffective in failing to raise on appeal the issue that defendant's conduct did not meet the § 924(e) definition of a "violent felony." Indeed, Kriens asserts that this issue was a "dead-bang winner" on appeal. Somewhat more specifically, Kriens contends that his counsel "winnowed out" the only winning argument concerning the applicability of the § 924(e) enhancement, which he contends was that the conduct actually involved in his supposed predicate offense did not meet the definition of a "violent felony."

In response, the government points out that counsel did appeal the applicability of the § 924(e) enhancement. Because the issue was raised on direct appeal, the government asserts that Kriens is foreclosed from reasserting it in support of a motion for § 2255 relief.

In reply, Kriens argues that counsel failed to present either at sentencing or on appeal the evidence necessary to rebut the government's contention that his prior conviction for attempted burglary was a "violent felony" for purposes of a § 924(e) enhancement, even if counsel raised the issue generally on appeal. He asserts, again, that the state charging documents demonstrate that the § 924(e) enhancement was inapplicable.

As mentioned above, a criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal, as well as at trial and sentencing. *Evitts*, 469 U.S.

at 396; *Bear Stops*, 339 F.3d at 780. However, the court cannot find that counsel's conduct on appeal was "deficient," or if it was somehow "deficient," that the deficiency "prejudiced" Kriens. *Ledezma-Rodriguez*, 423 F.3d at 836 (to prevail on an "ineffective assistance" claim, the movant must show both "deficient performance" and "prejudice"). Counsel did appeal the applicability of the § 924(e) enhancement and, as explained in some detail above, the argument that Kriens wishes counsel had made was *not* a "dead-bang winner," because it would not have made any difference to the applicability of the enhancement, where the state charging documents and applicable law demonstrate conclusively that Kriens's prior conviction for "attempted burglary" was, indeed, a conviction for a "violent felony" within the meaning of § 924(e).

Therefore, Kriens is not entitled to an evidentiary hearing or any relief on this claim of ineffective assistance of counsel.

## C. Involuntary Plea

Kriens's final ground for § 2255 relief is that his guilty plea was not knowing and voluntary. Because this contention was not raised on direct appeal, Kriens must show "cause and prejudice" to excuse the default. *Ramey*, 8 F.3d at 1314. "Ineffective assistance" of counsel may constitute the necessary "cause and prejudice." *See Becht*, 403 F.3d at 545. Assuming, without deciding, that counsel was "ineffective" in failing to assert on appeal that Kriens's guilty plea was not knowing and voluntary, the court will consider the merits of Kriens's involuntary plea argument.

### 1. Arguments of the parties

Kriens argues that his guilty plea to the felon-in-possession charge with an armed career criminal enhancement was not knowing and voluntary. In essence, Kriens argues that, had he been properly informed by counsel about the requirements for the armed

career criminal enhancement, instead of just being told that the enhancement applied, he would never have entered into a plea agreement stipulating to the applicability of the § 924(e) enhancement. Consequently, he contends that he was not properly informed about a "critical element" of his plea or the "true nature" of the offense to which he was pleading guilty.

In response, the government relies on counsel's representation that he had several discussions with Kriens about his guilty plea and that Kriens was "fully knowledgeable" of all of the issues involved in the plea. The government also points out that counsel has represented that Kriens wanted to plead guilty to get acceptance of responsibility.

In reply, Kriens asserts that counsel misinformed him about the consequences of his plea, because counsel was wrong about the applicable law in several respects: (1) that the § 924(e) enhancement applied and that Kriens's arguments to the contrary about his actual conduct in the prior offense were "irrelevant"; (2) that the Eighth Circuit Court of Appeals would rule against him on the applicability of § 924(e) to his prior attempted burglary offense, even though counsel had not properly analyzed the *Solomon* decision; and (3) that Kriens was required to sign the plea agreement *in toto* to obtain acceptance of responsibility.

### 2.    *Analysis*

Without doubt, to be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). The Eighth Circuit Court of Appeals has recognized that a plea agreement may not be knowing and voluntary when it is the result of the ineffective assistance of counsel. *See DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir. 2000). At the same

time, a defendant's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of verity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). Moreover, allegations that counsel misled a defendant into accepting a plea agreement by misleading the defendant about the likely sentence are insufficient to justify withdrawal of the defendant's guilty plea as involuntary, where the court informed the defendant of the maximum possible sentence. *See United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999) (*per curiam*) (the defendant's reliance on an attorney's mistaken impression about the possible length of sentence was insufficient to render a plea involuntary as long as the court informed the defendant of the maximum possible sentence).

The record plainly does not support Kriens's claim that counsel's ineffective assistance led to an involuntary plea. While neither the applicable law nor the record in this case demonstrates that there was a necessary connection between acceptance of responsibility on the felon-in-possession charge and a stipulation that a prior conviction for a state offense constituted a "violent felony" for purposes of a § 924(e) enhancement, the record *does* demonstrate that the guilty plea was instrumental in Kriens's eligibility for the full reduction for acceptance of responsibility. The acceptance of responsibility reduction was ultimately "trumped," however, by the § 924(e) enhancement to a mandatory minimum sentence well in excess of Kriens's Guidelines sentencing range, and the court found that enhancement was applicable to Kriens *on the merits*, in the alternative to the court's finding that Kriens had stipulated to the enhancement. Thus, it simply was not the terms of the plea agreement that ultimately led to a longer sentence than Kriens had hoped to receive, but the § 924(e) enhancement, which would have applied even in the absence of the plea agreement.

Moreover, Kriens's allegations that counsel misled him about the likely sentence or the likelihood that the § 924(e) enhancement would or would not be applicable are insufficient to justify withdrawal of Kriens's guilty plea, where the court informed Kriens of the potential applicability of the maximum sentence for his offense, which in this case was, effectively, the enhanced mandatory minimum for an armed career criminal under § 924(e). *See Granados*, 168 F.3d at 345 (the defendant's reliance on an attorney's mistaken impression about the possible length of sentence was insufficient to render a plea involuntary as long as the court informed the defendant of the maximum possible sentence).

Therefore, Kriens is not entitled to an evidentiary hearing or any relief on his claim that his guilty plea was involuntary.

### III.  CONCLUSION

Upon the foregoing, defendant Robert Lee Kriens's May 7, 2003, *pro se* Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 (docket no. 117) is **denied in its entirety.**

**IT IS SO ORDERED.**

**DATED** this 25th day of July, 2006.

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

7/25/06 - s/src
mailed to pro se filer with NEF

MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA